NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNIVERSITY SPINE CENTER, *On assignment of Robert S.* <br><br> Plaintiff, <br><br> v. <br><br> HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, <br><br> Defendant. | Civil Action No.: 17-193 (JLL) <br><br> **OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendant Horizon Blue Cross Blue Shield of New Jersey's ("Defendant") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and Local Federal Rule of Civil Procedure 56.1. (ECF No. 14). Plaintiff University Spine Center ("Plaintiff") has submitted opposition, (ECF No. 18), and Defendant has submitted a reply, (ECF No. 19). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court grants Defendant's Motion for Summary Judgment.

## I.     BACKGROUND

In December 2015, surgeons affiliated with Plaintiff performed an in-patient spinal surgery on Robert S. ("Patient"). (ECF No. 14-2 ("Def. SMF") ¶ 1). The total cost of the surgery was

$136,160. (*Id.* ¶¶ 12–13). Patient has an employee welfare benefit plan ("the Plan") that was issued by Defendant. (*Id.* ¶¶ 2–4). The terms and conditions of the Plan are set out in its Benefit Booklet, which provides that Defendant will reimburse for covered charges. (*Id.* ¶¶ 5, 8). The Benefit Booklet also contains an anti-assignment clause, which states that an employee may direct Defendant to pay health care benefits to a provider, like Plaintiff, who provided the covered services and that Defendant can pay either the covered person or the provider. (*Id.* ¶ 27). Furthermore, the anti-assignment clause states that Patient "may not assign his or her right to take legal action under the Policy to such provider." (*Id.*).

As the Plan allows, Plaintiff submitted a request for reimbursement to Defendant. (*Id.* ¶¶ 12–13). Though it is disputed whether the amount was properly reached under the Plan, the parties agree that Defendant reimbursed $44,744.68 to Plaintiff. (*Id.* ¶ 22). Plaintiff contested the reimbursement in various appeals, but was repeatedly informed by Defendant that the claims were reimbursed at "the plan-prescribed amount." (*Id.* ¶ 23). Accordingly, Plaintiff received an assignment of rights from Patient under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002, *et seq.*, and filed this pending action to recover the remaining $91,415.32. (*Id.* ¶ 26). Plaintiff brought the following claims against Defendant: (1) Breach of Contract[1]; (2) Failure to Make all Payments pursuant to the Plan under 29 U.S.C. § 1132(a)(1)(B); (3) Breach of Fiduciary Duty under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1), and 29 U.S.C. § 1105(a); and (4) Failure to Establish/Maintain Reasonable Claims Procedures under 29 C.F.R. 2560.503-1. (ECF No. 1-1 ("Compl.") ¶¶ 15–47). Defendant now moves for summary judgment. (ECF No. 14).

---

[1] Plaintiff has agreed to voluntarily dismiss its Breach of Contract Claim. (ECF No. 18 at 1). Therefore, the Court need not analyze this claim and grants Defendant's Motion for Summary Judgment as to Count I.

## II. LEGAL STANDARD

Summary judgment is appropriate when, there exists no "genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "[T]he moving party must show that the non-moving party has failed to establish one or more essential elements of its case on which the non-moving party has the burden of proof at trial." *McCabe v. Ernst & Young, LLP*, 494 F.3d 418, 424 (3d Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

The Court must consider all facts and their reasonable inferences in the light most favorable to the non-moving party. *See Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). If a reasonable juror could return a verdict for the non-moving party regarding material disputed factual issues, summary judgment is not appropriate. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.").

## III. DISCUSSION

Counts II, III, and IV of Plaintiff's Complaint are governed by ERISA. Under § 502(a) of ERISA "a participant or beneficiary" may bring a civil action to, *inter alia*, "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a). Accordingly, standing to sue under ERISA is "limited to participants and beneficiaries." *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400–01 (3d Cir. 2004) (holding that if plaintiff lacks standing to sue under ERISA, then the Court also lacks federal

subject matter jurisdiction to hear the claim). As ERISA is silent on the issue of standing, Third Circuit precedent sets forth that a healthcare provider may bring a cause of action by acquiring derivative standing through an assignment of rights from the plan participant or beneficiary to the healthcare provider. *N.J. Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369, 372 (3d Cir. 2015). "Healthcare providers that are neither participants nor beneficiaries in their own right may obtain derivative standing by assignment from a plan participant or beneficiary." *Id.* (citing *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 176 n.10 (3d Cir. 2014)).

As a consequence, the issue presently before this Court hinges upon whether Patient successfully assigned his rights to Plaintiff under the terms of the Plan. Defendant argues that any purported assignment of right from Patient is void since the Benefit Booklet contains an anti-assignment clause that expressly prohibits Patient from assigning his rights and/or benefits. (ECF No. 14-1 at 10). It is undisputed that the anti-assignment clause states that Patient "may not assign his or her right to take legal action under the Policy to such provider." (Def. SMF ¶ 27). Defendant claims that this clause, therefore, deprives Plaintiff of standing to bring the current action. (ECF No. 14-1 at 10).

In opposition, Plaintiff argues that the anti-assignment clause is invalid because it does not specify that any attempted assignment would be voided. (ECF No. 18 at 7). Plaintiff further argues that the anti-assignment clause is unenforceable against it as a health care provider, relying on a decision from the Court of Appeals for the Fifth Circuit. (ECF No. 18 at 8). This Fifth Circuit decision interpreted anti-assignment clauses, such as the one at issue here, to apply only to third-party assignees who may obtain assignments to cover unrelated debts. *Hermann Hosp. v. MEBA Med. & Benefits Plan*, 959 F.2d 569, 575 (5th Cir. 1992) ("We interpret the anti-assignment clause as applying only to unrelated, third-party assignees—other than the health care provider of

assigned benefits—such as creditors who might attempt to obtain voluntary assignments to cover debts having no nexus with the Plan or its benefits, or even involuntary alienations such as attempting to garnish payments for plan benefits."), *overruled on other grounds by Access Mediquip, L.L.C. v. United Health Care Ins. Co.*, 698 F.3d 229 (5th Cir. 2012).

The Court rejects both of Plaintiff's arguments because they are contrary to the recognized law in this district. Though the Third Circuit has not specifically spoken on the enforceability of anti-assignment clauses in ERISA-governed plans, a majority of circuits, as well as courts in the Third Circuit, have given effect to anti-assignment provisions such as the one in this case and denied standing. *See, e.g., Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1296 (11th Cir. 2004) ("[A]n unambiguous anti-assignment provision in an ERISA-governed welfare benefit plan is valid and enforceable."); *LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc.*, 298 F.3d 348, 353 (5th Cir. 2002) (reversing district court by holding that anti-assignment clause in ERISA plan was enforceable and distinguishing *Hermann Hosp.*, 959 F.2d at 575); *City of Hope Nat'l Med. Ctr. v. HealthPlus Inc.*, 156 F.3d 223, 229 (1st Cir. 1998) ("[W]e hold that ERISA leaves the assignability or non-assignability of health care benefits under ERISA-regulated welfare plans to the negotiations of the contracting parties."); *St. Francis Reg'l Med. Ctr. v. Blue Cross & Blue Shield of Kan., Inc.*, 49 F.3d 1460, 1465 (10th Cir. 1995) ("ERISA's silence on the issue of assignability of insurance benefits leaves the matter to the agreement of the contracting parties."); *Davidowitz v. Delta Dental Plan, Inc.*, 946 F.2d 1476, 1481 (9th Cir. 1991) ("The court concludes that ERISA welfare plan payments are not assignable in the face of an express non-assignment clause in the plan."); *Advanced Orthopedics & Sports Med. v. Blue Cross Blue Shield of Mass.*, No. 14-7280 (FLW), 2015 U.S. Dist. LEXIS 93855, at *9 (D.N.J. July 20, 2015) ("[C]ourts routinely enforce anti-assignment clauses contained

in ERISA-governed welfare plans."); *Prof'l Orthopedic Assocs., PA v. CareFirst BlueCross BlueShield*, No. 14-4486 (MAS), 2015 U.S. Dist. LEXIS 84996, at *10 (D.N.J. June 30, 2015) ("[T]he majority of circuits addressing the [anti-assignment enforceability] question as well as other courts in this district have considered the issue and held such provisions to be enforceable."); *Specialty Surgery of Middletown v. Aetna*, No. 12-4429 (JLL), 2014 U.S. Dist. LEXIS 85371, at *10 (D.N.J. June 24, 2014) ("Courts in the District of New Jersey have thus far held that unambiguous anti-assignment provisions in group healthcare plans are valid and enforceable.").

In light of the foregoing, the Court has carefully reviewed the anti-assignment provision and finds it to be clear and unambiguous. As noted above, the anti-assignment clause indisputably states that Patient "may not assign his or her right to take legal action under the Policy to such provider." (Def. SMF ¶ 27). The clear meaning of this language is that Patient is prohibited from assigning his right to bring suit to Plaintiff. As the Court acknowledged above, a clear and unambiguous anti-assignment clause like the one in this case is enforceable in this district. *See Cohen v. Indep. Blue Cross,* 820 F. Supp. 2d 594, 604–06 (D.N.J. 2011) (upholding similar anti-assignment clause language). Therefore, the Court concludes that the anti-assignment clause is valid and bars Plaintiff's claims.

## CONCLUSION

For the aforementioned reasons, Defendant's Motion for Summary Judgment is hereby granted. An appropriate Order accompanies this Opinion.

Date: December ___, 2017

JOSE L. LINARES
Chief Judge, United States District Court